UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WIELAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-00257-CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate proceeding through counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has paid the filing fees.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

**II.    Allegations in the Complaint**

Plaintiff sues the Governor of California and the Warden of Solano State Prison seeking

1

his immediate release on parole after the California Board of Parole Hearings found him suitable for parole in 2021.  However, on October 8, 2021, the Governor reversed the parole board's decision.  Plaintiff alleges that the Governor's decision violated the California Constitution and state law by failing to consider the availability of medical parole and because there is not sufficient evidence of plaintiff's current dangerousness to deny parole.

### III.    Analysis

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus.[1]  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  In this case, plaintiff has filed a civil rights action seeking his immediate release on parole.  However, no such remedy is available in this civil action.  Further, even if the court construed the present action as a habeas corpus petition, dismissal would still be required because plaintiff only raises state law claims for relief that are not cognizable in federal court.  This court lacks jurisdiction to determine whether the Governor of California violated state law or state constitutional provisions in reversing the parole board's determination.  See Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (emphasizing that it is not the federal courts role to determine whether California applied its state laws and regulations correctly).

Once the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a

---

[1] Plaintiff is further advised that the federal habeas corpus statute provides a remedy for violations "of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is not available for violations of state law that do not implicate federal Constitutional guarantees. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ). Federal court review of state parole decisions is limited to procedural due process challenges. Swarthout v. Cooke, 562 U.S. 216 (2011) (per curiam). The "Constitution does not require more" than "an opportunity to be heard" at a parole hearing and that the potential parolee be "provided a statement of the reasons why parole was denied." Swarthout, 562 U.S. at 220. As the Supreme Court has explained, "it is no federal concern here whether California's "some evidence" rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" in the parole context. Swarthout, 562 U.S. at 221.

plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted).  In this case, even if plaintiff cured the jurisdictional defect by alleging a federal claim, the relief he seeks is not available in this civil rights action.  Therefore, the undersigned recommends that the complaint be dismissed without further leave to amend.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  This recommendation is without prejudice to the filing of a habeas corpus petition pursuant to 28 U.S.C. § 2254.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that plaintiff's complaint be dismissed for failing to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 27, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wiel0257.F&R.parole