UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WIELAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-00257-DAD-CKD (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, IN PART<br><br>(Doc. No. 3) |

Plaintiff Peter Wieland is a state prisoner proceeding with counsel in this action. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 9, 2023, plaintiff filed the operative complaint, asserting state law claims against the California governor and the Solano State Prison warden and seeking immediate release on parole. (Doc. No. 1.) Specifically, in his complaint, plaintiff alleges that the California Board of Parole Hearings found him suitable for parole in 2021. (*Id.* at ¶ 1.) However, the governor allegedly reversed that decision on October 8, 2021. (*Id.*) Plaintiff claims that the governor's decision violated the California Constitution and state law, as it failed to consider the availability of medical parole and because there is not sufficient evidence of plaintiff's current dangerousness to deny parole. (*Id.* at ¶¶ 4–7.)

/////

1

1   On July 27, 2023, the assigned magistrate judge screened plaintiff's complaint and issued
2  findings and recommendations recommending that this action be dismissed, without leave to
3  amend, due to plaintiff's failure to state a cognizable claim upon which relief may be granted.
4  (Doc. No. 3.)  Those findings and recommendations were served on plaintiff and contained notice
5  that any objections thereto were to be filed within fourteen (14) days from the date of service.
6  (*Id.* at 3.)  On August 10, 2023, plaintiff filed objections to the findings and recommendations.
7  (Doc. No. 4.)

8   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has
9  conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including
10 plaintiff's objections to the pending findings and recommendations, the undersigned will adopt
11 the findings and recommendations in part.

12  The magistrate judge found that plaintiff's complaint failed to state a claim because
13 "[w]hen a state prisoner challenges the legality of his custody and the relief he seeks is the
14 determination of his entitlement to an earlier or immediate release, his sole federal remedy is a
15 writ of habeas corpus."  (Doc. No. 3 at 2) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).
16 As the magistrate judge correctly observed, plaintiff filed a civil action seeking his immediate
17 release from custody on parole, but no such remedy is available in this non-habeas action.  (*See*
18 *id.*)

19  In his objections, plaintiff argues that he "has a right to challenge that Governor's action
20 under Article 14 of the United States Constitution Section 1" and "[a]t the very least, [p]laintiff
21 should be granted the right to amend his complaint for violation of the Fourteenth Amendment
22 and the ensuing monetary damages . . . ."  (Doc. No. 4 at 2.)  It therefore appears that plaintiff is
23 seeking leave to amend his complaint to advance a due process challenge to the constitutional
24 validity of the governor's decision under 42 U.S.C. § 1983 and to seek monetary damages.  The
25 undersigned is skeptical that plaintiff will be able to state a cognizable claim by way of
26 amendment.  He has named only two defendants in this action:  the governor of the State of
27 California and the warden at his institution of confinement.  There are no allegations advanced to
28 date indicating that the latter was involved in the decision to deny plaintiff parole and the former

1 would appear to be entitled to Eleventh Amendment immunity as to any claim for money

2 damages for actions taken in his official capacity. *See Watts v. Pataki*, No. 9:08-cv-00092, 2009

3 WL 1765016, at *2 (N.D.N.Y. June 22, 2009) ("Plaintiff's claims for damages against the state

4 defendants in their official capacities are barred by the Eleventh Amendment.") (citing *Davis v.*

5 *New York*, 316 F.3d 93, 101 (2d Cir. 2002)).

6       The undersigned will adopt the recommendation that plaintiff's complaint be dismissed

7 for failure to state a claim. Nonetheless, out of an abundance of caution, the undersigned will

8 grant plaintiff leave to file a first amended complaint within thirty (30) days from the date of

9 service of this order. *See Bush v. Dep't of Corr. & Rehab.*, No. 2:22-cv-02008-KJM-CKD, 2023

10 WL 3687420, at *1 (E.D. Cal. May 26, 2023) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 76

11 (2005)).

12       Accordingly,

13     1. The findings and recommendations issued on July 27, 2023 (Doc. No. 3) are

14         adopted in part, as follows:

15         a. Plaintiff's complaint (Doc. No. 1) is dismissed;

16         b. Plaintiff is granted leave to file an amended complaint within thirty (30)

17           days from the date of service of this order;

18     2. Any failure on plaintiff's part to file an amended complaint within the time

19         provided will likely result in dismissal of this action due to his failure to comply

20         with a court order; and

21     3. This matter is referred back to the assigned magistrate judge for further

22         proceedings consistent with this order.

23       IT IS SO ORDERED.

24 Dated: **March 20, 2024**

25                             DALE A. DROZD

26                             UNITED STATES DISTRICT JUDGE